IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JOSEPH STEPHEN GILLIS,<br>Plaintiff, | * * * * | |
| v. | * * | Civil Action No. 11-cv-03760-AW |
| AMERICAN PEST MANAGEMENT, INC.,<br>Defendant. | * * * * | |

## Memorandum Opinion

Currently pending before the Court is Defendant's Motion to Dismiss, Doc. No. 6, and Plaintiff's Motion to Remand, Doc. No. 9. The parties have consented to stay briefing on Defendant's Motion to Dismiss pending the Court's ruling on Plaintiff's Motion to Remand, Doc. No. 7, and thus, the Court will only address Plaintiff's Motion to Remand at this time.

This case was filed against Defendant American Pest Management, Inc. ("APM") in the District Court of Maryland for Montgomery County on or about November 14, 2011. *See* Doc. No. 1 at 1. On December 29, 2011, Defendant removed the instant action to this Court, contending that federal law applies to Plaintiff's claims because they are based on actions occurring at the National Institutes of Health ("NIH") facilities. *See id.* at 2. On January 26, 2012, Plaintiff filed the instant Motion for Remand. Doc. No. 9. The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons discussed below, the Court GRANTS Plaintiff's Motion.

I.   **Factual and Procedural Background**

Plaintiff brings this employment discrimination action based on Defendant's failure to accommodate Plaintiff's disability, leading to Plaintiff's termination in April 2011. Compl. Plaintiff, who is a 54 year-old African American male, was an employee of Defendant from 1989 until his termination in 2011. *Id.* at ¶ 1. In 2000, Plaintiff was diagnosed with lung cancer and underwent several operations, up through and until March 2007, which reduced his lung capacity and limited his ability to perform certain functions during his employment. *Id.* at ¶¶ 15, 22. Plaintiff has worked on the NIH campus for the majority of the past ten years and has worked exclusively at NIH since 2008. *Id.* at ¶ 59; Doc. No. 9 at 7.

Defendant accommodated Plaintiff's disability without issue until 2010. *See id.* at ¶¶ 54. At that point, Defendant's new first-line supervisor at NIH, Kevin Spaulding, began requesting that Plaintiff perform certain services that caused Plaintiff serious physical discomfort and conflicted with the advice given by Plaintiff's doctor. *Id.* at ¶¶ 62, 64. On or around March 31, 2011, Plaintiff submitted a reasonable accommodation request from his doctor recommending that Plaintiff stop servicing a portion of the NIH premises where such servicing required Plaintiff to frequently bend over and perform activities that aggravated his lung disability. *Id.* at ¶ 75. Shortly thereafter, Defendant informed Plaintiff that it had to terminate Plaintiff's employment because Plaintiff was "unable to perform many of the essential duties of the [pest technician] position." *Id.* at ¶ 81.

On November 14, 2011, Plaintiff brought this Complaint in the Circuit Court for Montgomery County, Maryland, alleging violations of Maryland law for discrimination on the basis of disability and failure to accommodate. Plaintiff did not bring any federal claims. In fact, Plaintiff acknowledges that any federal claim he might otherwise have brought would not be ripe at this junction because Plaintiff has not exhausted the administrative remedies required to

bring such a claim.[1] On December 29, 2011, Defendant removed the instant action to this Court, contending that since Plaintiff worked on the NIH campus, which is a federal enclave, federal law applies and the state anti-discrimination laws upon which Plaintiff brought his claims are inapplicable. *See* Doc. No. 1 at 2.

## II.        Standard of Review

The right to remove a case from state to federal court arises from § 1441, which states in relevant part: "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing where such action is pending." 28 U.S.C. § 1441; *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Defendants seeking removal carry the burden of establishing federal jurisdiction. *Id.*

## III.       Analysis

Defendant removed the instant action on the ground that Plaintiff's employment took place on the NIH campus and thus gives rise exclusively to federal law claims, presenting a federal question over which this Court has jurisdiction.

The NIH campus is a federal enclave. The federal enclave doctrine arises from the United States Constitution, which provides that the Federal Government may purchase land over which the states have ceded control and may exercise "exclusive Legislation" over those

---

[1] Plaintiff is referring to a claim he might have brought under the Americans with Disabilities Act of 1990, which requires that any such claim first work its way through the EEOC. *See* 42 U.S.C. § 2000e-5. Plaintiff acknowledges that although he has filed a charge of discrimination with the EEOC, the EEOC has yet to take any action and thus Plaintiff has stated claims only under state law.

areas. U.S. Const. art I, § 8 cl. 17. In 1953, Maryland ceded jurisdiction to the United States in relation to the NIH Campus located in Montgomery County. *See* Md. Code Ann., State Gov't Art. § 14-202 (1984) (as recodified-in-part; *see* Doc. No. 10 Ex. 2 for original text). Ten years earlier in 1943, however, the Maryland legislature limited any cession of jurisdiction it might make to the United States so that it would retain concurrent jurisdiction. *See* Md. Code. Ann., State Gov't § 14-102 (1984); *see also Hansford v. District of Columbia*, 617 A.2d 1057, 1063 (1993). Section 14-102 of the State Government Article provides that:

> With respect to land that the United States or any of its units leases or otherwise holds in the State, the State reserves jurisdiction and authority over the land and over persons, property, and transactions on the land to the fullest extent that is permitted by the United States Constitution and that is not inconsistent with the governmental purpose for which the land is held.

§ 14-102(a).

Plaintiff contends that Maryland's land grant of the NIH campus operated to cede exclusive jurisdiction over that area to the United States. Plaintiff's position overlooks the fact that Maryland preserved its ability to exercise jurisdiction and authority over its federal enclaves, as reflected by Section 14-102 of the State Government Article and Maryland cases interpreting the scope of that cession.

First, the Supreme Court in *Evans v. Corman* sets forth the general rule that individuals living on NIH grounds are nevertheless "subject to the process and jurisdiction of State courts …[.]" 398 U.S. 419, 424 (1970). The Maryland Court of Appeals relied on *Evans* in a tort case involving a federal enclave, in holding that Maryland state courts have authority to "entertain litigation growing out of a transaction on [a] federal enclave." *See Hansford*, 617 A.2d at 1066. The *Hansford* decision and Section 14-102 compel this Court to find that Maryland state courts have retained subject matter jurisdiction over the instant action.

Additionally, Defendant has shown no legal grounds for the assertion that federal anti-discrimination claims preempt state anti-discrimination claims where the actions arise on federal enclaves, and the case law suggests the opposite. *See Hansford*, 617 A.2d at 1066 (stating only that where a federal law mandates the law to be applied in a given action, the state court must apply the choice of law reflected in the federal statute). Plaintiff is not compelled to bring federal claims in this matter because Plaintiff's state law claims of discrimination and failure to accommodate do not implicate any essential federal claim; Congress has not mandated that ADA claims be brought concurrently with claims under state anti-discrimination laws.

Defendant cites to several decisions by New York state courts holding that state anti-discrimination statutes cannot be brought where the action occurs on a federal enclave. These cases are largely inapplicable to the instant action because they rely on the New York legislature's cessions of land to the United States and cases interpreting those cessions. *See, e.g.*, *Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545, 570 (E.D.N.Y. 2006) (interpreting the Deed of Cession made by the State of New York and finding that "[t]he express terms of the scope of concurrent jurisdiction is extremely limited … to the state's right to serve civil and criminal process on the property."). Because Maryland has retained broader jurisdiction over its federal enclaves than New York, focus on the applicable Maryland statutes and case law is proper.

Accordingly, Plaintiff properly brought only state claims in the instant action and, there being no basis for either diversity jurisdiction or federal question jurisdiction, this Court lacks subject matter jurisdiction over the instant action and remand is proper. However, given the relative dearth of case law in this area, the Court finds that Defendant's removal of this action

was nevertheless objectively reasonable and that Plaintiff is not entitled to attorneys' fees and costs associated with this motion.

### IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion for Remand is GRANTED. A separate Order will follow.

| | |
|---|---|
| March 7, 2012 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |